IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES M. GARRETT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:13-cv-00344 |
| SGT. AUSTIN, DEPUTY NEWLOVE, and LIEUTENANT TEEMER, | ) Judge Sharp |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Charles M. Garrett, a state inmate presently incarcerated in the Montgomery County Jail in Clarksville, Tennessee, has filed a *pro se* complaint (ECF No. 1) purporting to assert claims for civil rights violations under 42 U.S.C. § 1983. He proceeds *in forma pauperis*. His complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

### I. FACTUAL ALLEGATIONS

The plaintiff alleges that he was transported from the Madison County Jail, in Madison County, Alabama, to the Montgomery County Jail in Clarksville, Tennessee on January 17, 2013. The plaintiff had with him, "waiting beside [him], ready to be transported" at the same time he was, certain personal property, including personal clothing, a kneebrace, wallet, telephone, and shoes. (ECF No. 1, at 6.) The plaintiff was transported to the Montgomery County Jail, but his property apparently did not accompany or follow him there.

According to the plaintiff's grievance forms attached to the complaint, the "transporting officers" "unprofessionally" denied the plaintiff the ability to bring his possessions with him upon transport. He was told instead that he would need to make arrangements for the Madison County Jail to mail his possessions to him. His efforts to have his possessions mailed to him by the Madison County Jail to the Montgomery County Jail have, apparently, been unavailing to date. In his grievances, the plaintiff repeatedly characterizes the officers' refusal to allow the plaintiff to transport his possessions with him as "erroneous" and a "mistake." (*See, e.g.*, ECF No. 1, at 12 (3/24/13 Grievance).)

The plaintiff names three defendants in this action: Sgt. Austin, Deputy Newlove, and Lieutenant

Teemer, all employees of the Montgomery County Jail. The defendants are all purportedly sued in their official rather than individual capacity. (*See* ECF No. 1, at 4–5 (checking "yes" boxes for "Named in official capacity?" and "no" boxes for "Named in individual capacity?").) The Court infers from the grievances attached to the complaint that the plaintiff was transported to the Montgomery County Jail by Sgt. Austin and Deputy Newlove, and that Lieutenant Teemer is or was their immediate supervisor. The plaintiff asserts that Austin and Newlove's failure to ensure that his personal effects accompanied him to the Montgomery County Jail "violated their own jail policy & TCA 41-21-216." (ECF No. 1, at 6.) The plaintiff states he initially addressed his grievances to Lieutenant Teemer because Teemer supervises the other two defendants and the plaintiff "figured he would want to rectify the mistake of his men, yet all he did was authorized the property to be mailed by the sending unit." (*Id.*)

The plaintiff asserts that the deprivation of his property violated his rights under the Eighth Amendment, and he seeks damages of $225 from each defendant to reimburse him for the value of the lost property.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110

(6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. LEGAL ANALYSIS

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed.

The present complaint is subject to dismissal on a number of grounds, including that the plaintiff names the defendants in their official capacities rather than their individual capacity, but fails to show that his alleged injuries resulted from an official policy or custom. Second, even if the Court construes the complaint as attempting to assert claims against the defendants in their individual capacity as well, the complaint fails to allege facts that suggest the violation of a federal constitutional right and, specifically with respect to the claims against Lieutenant Teemer, fails to allege facts to support supervisory liability. For all these reasons, as discussed below, the claims in the complaint are subject to dismissal for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

#### A. The Plaintiff Fails to State Official-Capacity Claims Against the Defendants

Generally speaking, where a § 1983 plaintiff fails to specify in what capacity he sues the defendants, the Sixth Circuit uses a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable in their individual capacity. *See Shepard v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002) (citing *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc). Here, however, the plaintiff actually specified that he intends to sue the defendants in their official capacity. The Court must therefore consider whether the complaint states a claim against the defendants in that capacity.

As the Supreme Court noted in *Kentucky v. Graham*, 473 U.S. 159 (1985), a claim brought against a government employee in his or her individual capacity seeks to hold the employee personally liable for actions taken under color of state law, while a claim brought against a government employee in

his or her official capacity is the equivalent of a claim brought against the governmental entity itself. *Id.* at 165–66. Here, because the defendants are all employed at the Montgomery County Jail, the Court presumes that they are employed by Montgomery County, which means the official-capacity claims against them must be construed as asserted against Montgomery County itself.

A municipality like Montgomery County may be liable under § 1983, but only for deprivations of civil rights that resulted from the "execution of a policy or custom" of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[A] plaintiff bringing a § 1983 claim against a municipality must therefore identify the policy or custom that caused her injury[.]" *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). Once a policy or custom is identified, the plaintiff must "show that the municipal action was taken with the requisite degree of culpability." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). That is, "[t]he plaintiff must . . . demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Id.* The municipality must have "intentionally" deprived the plaintiff of a federally protected right. *Id.* at 405. Finally, the "plaintiff must also show a direct causal link between the [policy or] custom and the constitutional deprivation; that is, she must show that the particular injury was incurred *because* of the execution of that policy." *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 508 (6th Cir. 1996) (emphasis in original; internal quotation marks and citation omitted).

Here, the plaintiff has not identified any policy or custom of Montgomery County giving rise to his injury, or connected his injury to execution of the policy. To the contrary, he indicates that the defendants' actions contravened both jail policy and state statute. The complaint therefore fails to state a claim against any of the defendants in their official capacity.

### B. The Individual-Capacity Claims

Because the plaintiff specifies that he intends to sue the defendants in their official and not their individual capacity, it is questionable whether he has given the defendants adequate notice of an intent to sue them in their individual capacity. The Court nonetheless finds it appropriate to consider whether the *pro se* plaintiff misunderstood the import of his election to name the defendants in their official capacity, and instead actually intended to bring individual-capacity claims. Based on context of the claims, the factual allegations, and the plaintiff's clear intent to seek damages from the defendants individually, the

Court finds that the complaint should be liberally construed to state individual-capacity claims. These claims fail too, however.

Although the plaintiff purports to state a claim under the Eighth Amendment, the Eighth Amendment does not protect a prisoner from the type of deprivation of property alleged here. *See Hunter v. Sherman*, 49 F. App'x 611, 612 (6th Cir. 2002) (noting that the plaintiff "[could] not state a claim under the Eighth Amendment for deliberate indifference to the security of his property"). Rather, to state a claim under the Eighth Amendment, an "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The plaintiff's claim that he has been deprived of his property might instead by cognizable under the Fourteenth Amendment. *See Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005) ("The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law."). However, the plaintiff's due-process claim based on the alleged deprivation or destruction of his property is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due-process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies even to intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984).

Because the plaintiff's claims here are premised upon the allegedly unauthorized act of two jail employees,[1] he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland*

---

[1] To the extent the plaintiff appears to allege that the deprivation of his property was caused by the negligence ("mistake") of Austin and Newlove, under *Daniels*, he fails to state a claim of constitutional dimension at all, regardless of whether post-deprivation procedures exist at the state level. In *Daniels*, the Court reconsidered its statement in *Parratt* that "'the alleged loss, even though negligently caused, amounted to a deprivation.'" *Daniels*, 474 U.S. at 328 (citing *Parratt*, 451 U.S. at 536–37). The Court held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. at 328. The Supreme Court overruled *Parratt* "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Daniels*, 474 U.S. at 330–31. As the Supreme Court explained in *Daniels*, "[h]istorically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty or

*v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). The plaintiff in this case has not sustained his burden. He has not alleged that state post-deprivation remedies are inadequate. Specifically, he does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his property under state law. He in fact cites to state law in his complaint. Consequently, he fails to state a claim for which relief may be granted in this Court based on the deprivation of his property.

Because he fails to state a substantive claim for a constitutional violation against Austin and Newlove, he naturally cannot assert a claim against Lieutenant Teemer based solely on the fact that Teemer supervised these employees and failed to correct their mistake. Even if that were not the case, liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *Monell*, 436 U.S. at 691. "[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." *Id.* at 694 n.58 (citation omitted). As the Sixth Circuit has stated:

> Section 1983 liability will not be imposed solely upon the basis of *respondeat superior*. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Michigan Dep't of Corrs.*, 69 F.3d 76, 81 (6th Cir.1995) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *see also Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) ("Plaintiff must prove that [the supervisor defendants] did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors." (internal and external citations omitted)). In addition, the Sixth Circuit has held that where defendants' "only roles . . . involve the denial of administrative grievances or the failure to act . . . they cannot be liable under § 1983." *Shehee v.*

---

property." *Id.* at 331 (emphasis in original). Here, although the decision not to bring the plaintiff's possession with him during transport appears to have been deliberate, there does not appear to have been a deliberate decision permanently to deprive the plaintiff of his possessions.

*Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see id.* ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

The plaintiff here has not alleged that Lieutenant Teemer was involved in the alleged deprivation of his property. Rather, the plaintiff's complaint is that Lieutenant Teemer failed to respond to his grievances against the other two defendants, that is, that he failed to correct Austin and Newlove's "mistake." Even if the plaintiff's allegations could be construed to state a constitutional claim against Austin and Newlove, his claim against Teemer would still fail, because the plaintiff does not allege active unconstitutional behavior on the part of Teemer.

### IV. CONCLUSION

The Court finds for the reasons stated above that the complaint fails to state a claim for which relief may be granted under 42 U.S.C. § 1983. The complaint will therefore be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order is filed herewith.

_____
Kevin H. Sharp
United States District Judge